James H. Hall v. Nicholas Pettit, Commissioner of Highways, and William J. Crockard, Clerk, of the Township of Dwight.

*Highways—Establishment of private road—Validity of proceedings.*

The proceedings of the defendant commissioner in opening a private road through petitioner's land are quashed for the following reasons:

  *a*—The petition for the road contains no averment that the petitioner has no other access to his lands, and the record contains no evidence that a showing of that character was made.

  *b*—The owner of the land was a resident of the county, but absent therefrom, and no notice was served upon the occupant of the land.

  *c*—The record contains no recital that 18 disinterested freeholders were selected, or that 6 names were struck off, or that a citation was issued by the commissioner to such freeholders, or that the jury were sworn, or that the commissioner proceeded to lay out the road.

  *d*—No record was made and recorded in the office of the township clerk, as required by How. Stat. § 1391.

*Certiorari* to review proceedings of highway commissioner in opening a private road. Submitted on brief October 15, 1891. Proceedings quashed October 30, 1891. The facts are stated in the opinion.

*James H. Hall,* in *pro. per.,* contended:

1. That the proceedings should be quashed, for reasons stated in the opinion; citing *Goldsmith v. Highway Commissioners*, 14 Mich. 528; *McCaslin v. Camp*, 26 Id. 390; *Van Auken v. Highway Commissoners*, 27 Id. 414; *Dupont v. Highway Commissioners*, 28 Id. 362; *Paul v. City of Detroit*, 32 Id. 108; *Association v. Highway Commissioners*, 34 Id. 36; *Ayres v. Richards*, 38 Id. 214; *Turner v. Village of Stanton*, 42 Id. 506; *Wright v. Rowley*, 44 Id. 557.

McGRATH, J. *Certiorari* to the highway commissioner and clerk of the township of Dwight, in the county of Huron, to review proceedings instituted to open a private road through petitioner's land.

Petitioner alleges that he resides, and has for 16 years last past resided, in the village of Port Austin, Huron county, and owned and owns the land through which it is proposed to open the private road; that on April 22, 1890, petitioner left the State, going to Alabama; that one Cole was at that date, and for more than a year had been, in the possession and occupancy of said land under a written lease having nearly four years to run after the last-named date; that on or about April 28 a notice was left with petitioner's clerk by the highway commissioner, notifying petitioner to meet said highway commissioner at his residence on May 3 to aid in striking a jury to determine as to the necessity of said road, etc.; that said notice was mailed to petitioner, but failed to reach him during his stay in Alabama, and was returned to him at his residence, where he received it May 5, 1890; that no notice was served upon said Thomas Cole; that the person applying for said road claims that the same has been opened, and that he has paid the award made by the jury, and threatens to take possession; that the said private road cuts off and separates one 40-acre tract of petitioner's land from the balance thereof; that it is claimed that the jury awarded to petitioner the sum of $10, but the same has not been paid to or received by

petitioner; that respondent Pettit has informed petitioner that there is nothing on file in his office pertaining to the opening of said road.

Respondent Pettit makes no return. Respondent Crockard returns that—

"On the 7th day of May, A. D. 1890, the proceedings of the jury to determine as to a private road hereto annexed, marked 'Exhibit A,' was all that was filed in my office relating to said private road of Herman Holstinski, until the 16th day of June, A. D. 1890, when the application for said private road which is hereto annexed, marked 'Exhibit B,' was filed in my office by Nicholas Pettit, highway commissioner, which Exhibits A and B are true copies of all the records and files on file in my office at this date pertaining to said private road."

Exhibit A, referred to in said return, is signed by the jury, and is as follows:

"We, the undersigned, a jury selected to determine as to the necessity of laying out a private road as hereinafter described, and to assess the damages therefor, having been duly cited to appear pursuant to a citation issued by Nicholas Pettit, commissioner of highways of said township, met at the residence of Herman Holstinski, in said township, on the day of the date hereof, and, having been duly sworn by said commissioner, as required by law, and having viewed the premises, do hereby certify that we have determined that it is necessary that a private road should be laid out, running as follows: Commencing at the quarter stake on the west side of section thirty-two, and running east to the south-east quarter of the north-west quarter of said section thirty-two, to be one rod wide, and to be on the north side of the quarter line running east and west through section thirty-two, being over the lands owned and occupied by James H. Hall; and that we appraise the damages to said James H. Hall by reason of the laying out of said road over his land at the sum of ten dollars.

"Given under our hands, this 7th day of May, A. D. 1890."

The following is a copy of Exhibit B:

". To the commissioner of highways of the township of Dwight, county of Huron: The undersigned, a freeholder of the said township of Dwight, does hereby make application to you to lay out a private road in part of said township not included within the corporate limits of any city or village, and respectfully ask that you will proceed to lay a private road as follows: Commencing at the quarter stake on the west side of section thirty-two, and running east to the south-east quarter of the north-west quarter of section thirty-two, said road to be one rod wide, and to be on the north side of the quarter line running east and west through section thirty-two.

"HERMAN HOLSTINSKI.

"Dated the 23d day of April, 1890.

"Received for record and recorded this 16th day of June, A. D. 1890."

The record is clearly insufficient to sustain the proceeding. The petition for the road contains no averment that the petitioner has no other access to his lands, and the record contains no evidence that a showing of that character was made. No proof of service of notice appears therein. The statute provides for notice in writing to the owner or occupant. The service under the statute must be personal, unless the land is non-resident, and the owner does not reside in the county. Here the owner resided in the county, but was absent from the State. The land was occupied, and no notice was served upon the occupant. The record contains no recital that 18 disinterested freeholders were selected, or that 6 names were struck off, or that a citation was issued by the commissioner to such freeholders, or that the jurors were sworn by the commissioner, or that the commissioner proceeded to lay out the road.

The statute requires that the commissioner shall cause a record to be made in the clerk's office, which shall be signed by the commissioner, and recorded by the township clerk. Nothing having the semblance of a record

88 MICH.—11.

appears in the clerk's office. The record must show a compliance with the requirements of the statute.

The proceedings must be quashed, with costs against respondent Nicholas Pettit.

The other Justices concurred.